UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| COMMONWEALTH OF MASSACHUSETTS,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>KALSHIEX LLC,<br><br>　　　　　　　　　　　Defendant. | Case No. _____<br><br>Removed from the Superior Court of the State of Massachusetts, Suffolk County,<br>Civil Action No. 2584-cv-02525 |

## NOTICE OF REMOVAL

Defendant KalshiEX LLC ("Kalshi" or "Defendant"), by and through its undersigned counsel, hereby removes the above-captioned action (the "Action") from the Superior Court of the State of Massachusetts, Suffolk County, Civil Action No. 2584-cv-02525, to the United States District Court for the District of Massachusetts pursuant to 28 U.S.C. §§ 1331, 1441. This Court has federal question jurisdiction over this Action under 28 U.S.C. § 1331.

This Notice of Removal is not intended and should not be construed as constituting the general appearance or appearance on the merits of Defendant in this matter. By filing this Notice of Removal, Defendant does not waive any defenses it has to this action whether in state or federal court, including, but not limited to, improper service of process and/or lack of personal jurisdiction. Defendant reserves the right to amend or supplement this Notice of Removal.

In support of this Notice of Removal, Defendant states as follows:

**I.     BACKGROUND**

   **A.     Defendant**

   1.     Kalshi is a financial services company that operates a federally regulated derivatives exchange where users can buy and sell financial products known as event contracts, a type of "swap" that references an "excluded commodity" within the meaning of the Commodity Exchange Act of 1936, 7 U.S.C. §§ 1a(19)(iv), 1a(47)(A)(ii) (the "CEA").  The Defendant's exchange is subject to exclusive federal jurisdiction as a designated contract market ("DCM") by the Commodity Futures Trading Commission ("CFTC") pursuant to the CEA, 7 U.S.C. § 2(a)(1)(A).

   **B.     Summary of the Complaint**

   2.     On September 12, 2025, the Commonwealth of Massachusetts ("Plaintiff") filed a Complaint against Defendant in the Superior Court of the State of Massachusetts, Suffolk County.  A copy of that Complaint is attached hereto as Exhibit A.

   3.     In the Action, Plaintiff purports to state a claim against Defendant under Massachusetts General Laws Chapter 23N ("Chapter 23N")—*i.e.*, the Massachusetts Sports Wagering Act—for hosting and trading *federally regulated* event contracts subject to the CFTC's exclusive jurisdiction.  Ex. A, Compl. ¶¶ 154–61.

   4.     Plaintiff claims that Kalshi offers sports wagers as defined under Section 3 of Chapter 23N, but "disguises" these supposed offerings as federally registered event contracts.  *Id.* at ¶¶ 7, 88–92.  Plaintiff then alleges that these event contracts constitute "illegal gaming" under Massachusetts law because Kalshi "does not have a [state] license to engage in activity in connection with sports wagering."  *Id.* at ¶¶ 105–07, 160–61.

   5.     As relief, Plaintiff seeks (i) a determination that Defendant "engaged in sports wagering without a license in violation of G.L. c. 23N, § 5 and the regulations promulgated

2

thereunder," (ii) an unspecified amount in monetary damages, (iii) a permanent injunction to prevent Defendant from engaging in "sports wagering without a license," and (iv) any other relief the Court finds proper. *Id.* at 42.

6. The Complaint disregards the opinions of two federal courts that have issued injunctions against Plaintiff's counterparts in Nevada and New Jersey for attempting to enforce state gambling laws against Kalshi, a federally regulated, CFTC-designated contract market subject to the CFTC's exclusive jurisdiction. *See* Order, *KalshiEx LLC v. Hendrick*, No. 2:25-cv-00575 (D. Nev. Apr. 9, 2025), ECF No. 45; Opinion, *KalshiEx LLC v. Flaherty*, No. 1:25-cv-02152 (D.N.J. Apr. 28, 2025), ECF No. 21.

7. Defendant has not yet been served. Accordingly, Defendant's time to respond to the Complaint by answer or motion has not expired, and Defendant has not served or filed an answer or motion.

8. As of the date of filing this Notice of Removal, the Commonwealth has filed an emergency motion for preliminary injunction. Tellingly, the emergency motion is replete with a discussion of the very federal law questions that are animating the Commonwealth's artfully pleaded Complaint. *See, e.g.*, *BIW Deceived v. Local S6, Indus. Union of Marine & Shipbuilding Workers of Am., IAMAW Dist. Lodge 4*, 132 F.3d 824, 831-833 (1st Dep't 1997).

## II. THIS COURT HAS FEDERAL QUESTION JURISDICTION PURSUANT TO 28 U.S.C. § 1331

9. Under 28 U.S.C. § 1441, any civil action filed in state court over which a federal court has original jurisdiction, may be removed to the federal district court for the district in which the state court action is pending. This Court has federal-question jurisdiction under the "complete preemption" and "artful pleading" doctrines. Complete preemption gives rise to federal jurisdiction "when federal law has completely displaced state law and so 'provide[s] the exclusive

cause of action for such claims' – thus making the asserted claim necessarily federal." *Rhode Island v. Shell Oil Prods. Co., L.L.C.*, 35 F.4th 44, 52 (1st Cir. 2022) (quoting *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 11 (2003)).

10. That is the case here. The CEA provides the CFTC with "exclusive jurisdiction" over trading on DCMs, 7 U.S.C. § 2(a), including Kalshi's exchange on which its event contracts are traded. The CEA then provides a "savings clause" in which it preserves the jurisdiction of the states except with respect to the subject matter of the grant of exclusive jurisdiction. 7 U.S.C. § 2(a)(1)(A) (preserving state jurisdiction "[e]xcept as hereinabove provided"). And finally, the CEA "supplies a federal cause of action to replace the state law claim." *Rhode Island*, 35 F.4th at 58.

11. Accordingly, Congress has determined that the claim at issue is functionally a federal claim falling within the district court's federal question jurisdiction. *See Fayard v. N.E. Vehicle Servs., LLC*, 533 F.3d 42, 45 (1st Cir. 2008) ("[I]n certain matters Congress so strongly intended an exclusive federal cause of action that what a plaintiff calls a state law claim is to be *recharacterized* as a federal claim.") (emphasis in original); *see also Beneficial*, 539 U.S. at 11; *Avco Corp. v. Aero Lodge No. 735, Int'l Ass'n of Machinists & Aerospace Workers*, 390 U.S. 557 (1968); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987).

12. Likewise, the exercise of federal-question jurisdiction is proper here due to Plaintiff's artful pleading of its claim. *See, e.g.*, *BIW Deceived*, 132 F.3d at 831-33. Although the Complaint lacks any meaningful reference to the CEA or CFTC regulations, Plaintiff's emergency motion for preliminary injunction offers extensive analysis of why Plaintiff can overcome the preemptive effect of the federal statutory scheme to prevail on its putative state law claim. Exhibit B, Dkt. No. 5 (Memo. in Support of Emergency Motion) §§ IV, V. Plaintiff "may not defeat

removal" by artfully pleading around these federal issues. *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 22 (1983).

### III. DEFENDANT MEETS THE PROCEDURAL REQUIREMENTS FOR REMOVAL

13. Defendant received a copy of the Complaint on September 12, 2025. Removal is timely because Defendant has not yet been served with the Complaint. 28 U.S.C. § 1446(b)(1) and (c)(1); *see also Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 354 (1999).

14. Venue is proper pursuant to 28 U.S.C. §§ 101, 1441(a), and 1446(a) because the United States District Court for the District of Massachusetts is the federal judicial district court embracing the Superior Court of the State of Massachusetts where the Complaint was filed.

15. As required by 28 U.S.C. § 1446(a), copies of all of the process, pleadings, and orders filed in the Action are attached hereto as Exhibit B (except for the Complaint, which is attached hereto as Exhibit A).

16. In accordance with 28 U.S.C. § 1446(d), written notice of this Notice of Removal will be promptly provided to Plaintiff and filed with the Superior Court of the State of Massachusetts, Suffolk County. A copy of the notice to the docket in the underlying state court action is attached hereto as Exhibit C.

17. No previous application has been made for the relief requested in this Notice of Removal.

### IV. CONCLUSION

18. WHEREFORE, Defendant respectfully requests that the Action be removed from the Superior Court of the State of Massachusetts to the United States District Court for the District of Massachusetts, and that this Court accept jurisdiction of the case. If any question arises as to

the propriety of the removal of this action, Defendant respectfully requests the opportunity to present oral argument in support of its position that the Action is removable.

Dated:    September 16, 2025

                                Respectfully submitted,

                                By: */s/ Javier F. Flores*
                                Javier F. Flores, Esq. (BBO #666089)
                                Dinsmore & Shohl LLP
                                101 Arch Street, Suite 1800
                                Boston, MA 02110
                                Telephone: (857) 305-6400
                                Facsimile: (857) 305-6401
                                javier.flores@dinsmore.com

                                Joshua B. Sterling (pro hac vice forthcoming)
                                William E. Havemann (pro hac vice forthcoming)
                                Milbank LLP
                                1101 New York Avenue NW
                                Washington D.C. 20005
                                Telephone: 202-835-7500
                                Facsimile: 202-263-7586

                                Grant R. Mainland (pro hac vice forthcoming)
                                Andrew L. Porter (pro hac vice forthcoming)
                                Milbank LLP
                                55 Hudson Yards
                                New York, NY 10001
                                Telephone: 212-530-5000
                                Facsimile: 212-530-5219

                                *Counsel for Defendant KalshiEX LLC*